ORIGINAL

# In the United States Court of Federal Claims

No. 15-706C

(Filed: January 19, 2016)

FILED

JAN 19 2016

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

YVONNE MURPHY HICKMAN,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject-matter jurisdiction. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

Plaintiff is a current resident of Anne Arundel County, Maryland. Compl. ¶ 3. Plaintiff states that she is a disabled Army veteran, and that she was formerly an intelligence officer in the military with a top secret clearance. Resp. Ex. A at 1. Plaintiff was arrested for aggravated assault in Glynn County, Georgia, in 2009, and as a condition of her bond, Plaintiff was required to pay $35.00 per month in supervisory fees to a private probation service. Id. at 10. Plaintiff claims that following her arrest, she was banished from Glynn County, Georgia. Id. at 5, 9. Plaintiff alleges that she was falsely arrested, that her signature on a Glynn County property bond was forged, and that her banishment from Glynn County was unconstitutional. Id. at 1.

On September 13, 2011, Plaintiff was divorced from Nathaniel Hickman. Id. at 4. Prior to the divorce, Plaintiff received an apportionment award of Mr. Hickman's VA compensation benefits. Id. When Plaintiff's apportionment was terminated as a result of her divorce, Plaintiff advised the VA that her divorce was invalid because the United States Department of Justice "disqualified" the judge who presided over her divorce proceedings and that the new judge was a "pro hac vice lawyer[]." Id. at 2, 4. Plaintiff claims that, following her unsuccessful attempts to

challenge the divorce and banishment, the federal courts and the Federal Bureau of Investigation ("FBI") engaged in a conspiracy to violate her civil and human rights. Compl. ¶¶ 1-2, 6-9, 11.

Plaintiff demands judgment in the amount of $200,000,000 against the United States for "intentional discrimination, collusion, and conspiracies" against her. Id. at ¶ 5.

## Discussion

### Subject-Matter Jurisdiction

Before the Court may proceed to the merits of any action, the plaintiff must first establish subject-matter jurisdiction. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the plaintiff. Pennington Seed Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006). Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Although pro se litigants are held to "less stringent standards than . . . lawyers," they still bear the burden of establishing the Court's jurisdiction. Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (internal citation and quotation marks omitted); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

> The Tucker Act provides that this Court
>
> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act does not create a substantive right for money damages against the United States, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff must show that he or she is entitled to money damages from an additional source of substantive law. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). The substantive right to money damages must extend from the Constitutional provision, statute, or regulation giving rise to the claim. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) ("[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" (quoting Testan, 424 U.S. at 400)).

### Plaintiff's Claims

Plaintiff purports to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331.[1] However, this Court lacks jurisdiction under 28 U.S.C. § 1331, as that statute grants federal question jurisdiction exclusively to the district courts. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997); Hernandez v. United States, 38 Fed. Cl. 532, 537-38 (1997).

---

[1] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In her complaint, Plaintiff first alleges that the FBI's Brunswick field office and the United States Attorney in Savannah, Georgia, "colluded to violate Plaintiff's civil rights as state actors under the color of law." Compl. ¶ 2. It is well established that exclusive jurisdiction to hear civil rights claims resides in the federal district courts and that jurisdiction over such claims does not lie in Court of Federal Claims. See, e.g., Terry v. United States, 103 Fed. Cl. 645, 656 (2012); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005).

Plaintiff further alleges that Defendant violated her Constitutional rights to due process and equal protection by entering and "ransacking" her house without a warrant, auctioning the contents of her house, and failing to prevent the dissolution of her marriage. Compl. ¶¶ 6, 11. Plaintiff alleges that the FBI further violated her Constitutional rights by refusing to investigate Plaintiff's allegations of fraud, collusion, and public corruption due to her race. Id. at ¶¶ 7, 8, 11. These claims cannot be addressed in this Court. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that "alleg[ed] violations of [plaintiff's] rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, [and] the Equal Protection Clause of the Fourteenth Amendment" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the Government"); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the due process and equal protection clauses of the Constitution do not obligate the United States to pay money damages, and do not trigger Tucker Act jurisdiction in the courts); Cox v. United States, 105 Fed. Cl. 213, 217 (2012) (recognizing that the Due Process Clause is not money-mandating, and does "not provide a basis for jurisdiction in this Court."). This Court also lacks jurisdiction over claims of racial discrimination. See Taylor v. United States, 113 Fed. Cl. 171, 173 (2013).

Plaintiff alleges that "Defendant conspired under the color of law as a state actor to suppress RICO [Racketeer Influenced and Corrupt Organizations Act] activities in Glynn County[,] Georgia," and claims that the United States "intentionally ignored Plaintiff's complaints of false police reports, forgeries, conspiracies, collusion and extortion" and "conceal[ed] Plaintiff's many complaints of judicial corruption and RICO among federal employees based in Brunswick, Savannah, and Atlanta[,] Georgia." Compl. ¶¶ 8-9. Finally, Plaintiff alleges that the FBI and federal judiciary engaged in "collusion, fraud, conspiracy," and "public corruption." Compl. ¶ 5. Specifically, Plaintiff alleges that a procedural order in Hickman v. Hickman, et al., No. 2:12-cv-00034 (S.D. Ga. filed Feb. 9, 2012) was "made in fraud." Resp. 1. This court does not possess jurisdiction over criminal claims, including those arising under RICO. Dumont v. United States, 85 Fed. Cl. 425, 430 aff'd, 345 F. App'x 586 (Fed. Cir. 2009). Nor does the Court have jurisdiction over claims that "defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties." Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998).[2]

---

[2] To the extent Plaintiff alleges claims identical to those raised and dismissed in Hickman v. United States, No. 15-cv-0705 (Fed. Cl. Jul. 7, 2015), they are also subject to dismissal under principles of stare decisis.

3

## Conclusion

Defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. All other pending motions are dismissed as moot. The Clerk of Court is directed to dismiss the Complaint.

_____
**MARY ELLEN COSTER WILLIAMS**
**Judge**